IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01644-EWN-MJW

ROBERT E. PRESTON

Plaintiff,

v.

ATMEL CORPORATION;
PRESTON HARTMAN;
CHRIS RATHER; and
NICK REINERT.

Defendants.

---

PROTECTIVE ORDER  ( Docket No. 29-2 )

---

WHEREAS, the parties consider certain information and documents in their possession to be confidential and proprietary and, therefore, mutually desire that a protective order limiting use, access to and disclosure of such information and documents be entered, it is hereby ORDERED as follows:

1.      This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.      As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

1

**Confidential Materials**

3.     Any party bound by this Protective Order (the "Order") may designate as "CONFIDENTIAL" any of its own documents, testimony or other discovery material that contain trade secrets, and/or research, development, medical information, social security numbers, commercial information (including financial and business information), or personal information of an employee that the party (or any predecessor in interest to a party) regards as confidential.  CONFIDENTIAL material as used in this Order shall refer to the original and copies of any so designated document, testimony or other discovery material, and shall also refer to the information contained in such materials.

4.     In designating information as "CONFIDENTIAL" a party shall make such a designation only as to materials which that party in good faith believes constitutes such material as matter used by it in, or pertaining to, its business, is not generally known or otherwise available to the public, which the party would normally not reveal to third parties or would cause third parties to maintain in confidence, or which is otherwise entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure.  Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

**Disclosure of Materials Designated Confidential**

5.     Discovery materials designated as "CONFIDENTIAL" shall be maintained in confidence by the party to whom such materials are produced or given and may be disclosed only to the following persons ("Qualified Persons"):

         (a)     attorneys actively working on this case;

2

(b)     persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)     the parties;

(d)     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e)     the Court and its employees ("Court Personnel");

(f)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)     deponents, witnesses, or potential witnesses; and

(h)     other persons by written agreement of the parties.

## Inadvertent Production

6.     The Parties agree to resolve inadvertent disclosure of privileged materials in accordance with the terms set forth in the Parties' Scheduling Order.  In the event of any disclosure of CONFIDENTIAL material, other than in the manner authorized by this Order, counsel for the party responsible for the disclosure shall immediately notify counsel of the party who produced the material of all of the pertinent facts, and make every effort to prevent further unauthorized disclosure by, among other things, retrieving all such disclosed material and copies of such materials and making good faith efforts to have all unauthorized persons to whom disclosure was made sign the undertaking annexed at Exhibit A.

3

**Identification of Persons Receiving Designated Materials**

7.      The persons receiving CONFIDENTIAL material are prohibited from disclosing it to any other person, except in conformance with this Order.

**Inadvertent Failure to Designate**

8.      No designation of documents, including the papers served and/or filed in this case, as "CONFIDENTIAL" information shall be effective unless there is placed or affixed on such material the following legend prior to its production: "CONFIDENTIAL".  In the event that a producing party inadvertently fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL" at the time of its production, it may be corrected by written notification to opposing counsel accompanied by copies of the previously-produced copies marked with the appropriate confidentiality designation.  The receiving party shall make a reasonable effort to substitute the new copies for the previous copies.

**Designation of Testimony**

9.      Portions of testimony given at a deposition or hearing (including exhibits) may be designated as "CONFIDENTIAL" by an appropriate statement on the record at the time of the giving of such testimony, or upon review of such transcript by counsel for the party whose CONFIDENTIAL material or material was given or otherwise produced at the deposition.  Said review by counsel shall occur within thirty (30) days after counsel's receipt of the transcript and shall occur as follows: counsel shall designate and list on a separate piece of paper the numbers of the pages and the numbers of the lines of the transcript containing CONFIDENTIAL material and shall mail copies of this list to counsel for all parties so that it may be affixed to the face of the transcript and also to each copy.

4

## Use of Designated Materials

10.     All discovery material, whether or not designated "CONFIDENTIAL" shall be used solely in connection with this litigation and shall not be used for any business, commercial, competitive, personal or other purpose, including patent prosecution or product design and development.  Counsel of record and the parties hereto shall take reasonable steps necessary to maintain such CONFIDENTIAL information in confidence and prevent persons from using, disclosing, or recording the CONFIDENTIAL information for any other purpose.

## Storage of Designated Materials

11.     All CONFIDENTIAL material shall be stored under the direct control of outside counsel of record or persons approved under the provisions of Paragraphs 2 and 4 of this Order who (a) shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such material as is exercised by the receiving party with respect to its own proprietary information, but no less than a reasonable standard of due and proper care, and (b) shall be responsible for preventing any disclosure of such material, except in accordance with the terms of this Order.

## Disposition of Designated Materials Upon Termination of Case

12.     After a final, non-appealable termination of this case, receiving outside counsel may retain copies of the pleadings, correspondence, and depositions, and may retain documents, things, copies, and samples to the extent they include or reflect receiving attorney's work product.  All other CONFIDENTIAL material produced by a party, and all copies, shall be returned to the producing party, or counsel of record for the receiving party shall certify in writing that such material has been destroyed.  The obligation on outside counsel to maintain the

5

confidentiality of materials designated as "CONFIDENTIAL" pursuant to this order shall be deemed continuing.

### Filing Designated Materials with the Court

13.     In connection with discovery proceedings as to which a party submits CONFIDENTIAL material, all documents and chamber copies containing CONFIDENTIAL material which are submitted to the Court shall be filed with the Court in accordance with local procedures for the submission of sealed materials.

### Examining Witnesses on Designated Materials

14.     Notwithstanding any other provision of this Order, (a) A party, present employee of a party, or expert of a party may be examined and may testify concerning all CONFIDENTIAL information produced by that party; and (b) Non-parties may be examined and may testify concerning any document containing CONFIDENTIAL information of a producing party that clearly appears on its face or from other documents or testimony to have been prepared by, received by, known by, or communicated to the non-party.

### Designation of Non-Party Confidential Information

15.     The provisions of this Order shall be available for application to non-parties who are required to produce confidential information in response to a subpoena, and who in good faith believe that such material contains confidential information.   Any non-party who produces documents or other information in connection with this litigation may designate the documents or information produced as "CONFIDENTIAL" within ten (10) days of the date the non-party produces such documents or information.   All of Plaintiff's medical records obtained by subpoena are deemed Confidential regardless of their designation.

### Subpoena by Other Courts or Agencies

16.     If a third party, another court, or agency orders the production of documents or information designated for protection under this protective order, such party shall promptly notify the producing party who designated the material of the order or subpoena so that the producing party may take steps to ensure its confidential information is protected.

### Exceptions

17.     This order shall not prevent or prejudice any party from applying to the Court for relief from, or modification to, this Order or for further or additional protection protective orders. Likewise, the parties may agree to a modification of this Order subject to the Court's approval. This Order has no effect on and shall not apply to a party's use or disclosure of its own confidential information for any purpose.

### Challenging Designations

18.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not

thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

### Agreement to be Bound

19.    The parties agree to be bound by the terms of the Order prior to and subsequent to entry by the Court.

### Use of Confidential Materials in Court

20.    This provision governs the treatment of CONFIDENTIAL material used at trial or submitted as a basis for adjudication of matters other than discovery motions or proceedings. A party that files with the Court, or seeks to use at trial, materials designated as CONFIDENTIAL shall submit to the Court a motion to seal in accordance with the local rules.

SO STIPULATED.


HOLME ROBERTS & OWEN LLP                ROBINSON & ASSOCIATES
                                        LAW OFFICES LLC


By:_____            By:_____
       Susan D. Campbell                       Jennifer C. Robinson
       Eric Bentley                            Attorney for Plaintiff
       Attorneys for Defendants


Date:                                   _____ 10-26-07
                                        Hon. Michael J. Watanabe
                                        U.S. MAGISTRATE JUDGE

EXHIBIT A

CONFIDENTIALITY AGREEMENT AND UNDERTAKING

1.     I am familiar with and agree to be bound by the terms of the stipulated Protective

Order in the litigation styled, *Robert E. Preston v. Atmel Corporation, Preston Hartman, Chris*

*Rather and Nick Reinert*, Case No1:07-cv-01644-EWN-MJW, pending in the United States

District Court for the District of Colorado.

2.     I will only make such copies of notes concerning documents designated

CONFIDENTIAL as are necessary to enable me to render the assistance required in connection

with this litigation, and all such notes and copies shall be preserved in a separate file maintained

as confidential and marked for disposal or destruction upon the completion of this litigation,

pursuant to the terms of the Protective Order in this case.

3.     I will not intentionally reveal the contents of CONFIDENTIAL material to any

unauthorized person.

4.     I will not intentionally use CONFIDENTIAL material for any purpose other than

in connection with this action.

5.     By signing below, I hereby acknowledge: (a) that I have read and understand the

terms of the stipulated Protective Order and this Confidentiality Agreement and Undertaking;

(b) that I agree to be bound by such terms.

Signature

_____

Printed Name

_____

Address

9

CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on October 21, 2007 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system for electronic services to:

Holme, Roberts & Owen
  Susan Campbell
  Eric Bentley
90 S. Cascade, Suite 1300
Colorado Springs, CO  80903

s/Jennifer C. Robinson
Jennifer C. Robinson
ROBINSON EMPLOYMENT LAW, LLC
303 E. 17TH Ave, Suite 200
Denver, Colorado 80203
(303) 866-9793
E-mail:  jrobinson@raemploymentgroup.com