IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01644-EWN-MJW

ROBERT E. PRESTON,

Plaintiff,

v.

ATMEL CORPORATION, et al.,

Defendants.

**ORDER REGARDING
DEFENDANTS' MOTION FOR TWO RULE 35 EXAMINATIONS AND RULE 7.1
CERTIFICATE OF COMPLIANCE (DOCKET NO. 71)**

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendants' Motion for Two Rule 35 Examinations and Rule 7.1 Certificate of Compliance (docket no. 71). The court has reviewed the subject motion and the response (docket no. 81) thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

In the subject motion (docket no. 71), Defendants seek an Order from this court directing Plaintiff to undergo two additional Fed. R. Civ. P. 35 examinations ("IME"). In particular, Defendants request that Plaintiff undergo the psychological test known as the Minnesota Multiphasic Personality Inventory ("MMPI") with Dr. Cynthia Johnsrud and a vocational rehabilitation examination with Judy Lockwood. Defendants argue

that a completed MMPI by Plaintiff is needed by Dr. Judith Weingarten so that she can render her opinion on whether Plaintiff suffers from depression, anxiety, or mental and emotional distress, and Dr. Weingarten is not qualified to administer the MMPI. Defendants also argue that the vocational rehabilitation examination by Judy Lockwood is necessary and the results from such examination would be relevant as to Plaintiff's lost wages and benefits claims and the Plaintiff's failure to mitigate issue.

Plaintiff objects to such additional IMEs on the ground that Plaintiff has already gone through one IME on March 3, 2008, by Dr. Judith Weingarten, psychiatrist. In addtion, Plaintiff argues that the vocational rehabilitation examination should be denied because it is not a proper examination under Rule 35, and Defendants have not shown good cause.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Plaintiff intends to call at trial Dr. Charles Bonney, M.D. *See* Preliminary Pretrial Order (docket no. 59);

5. That during Plaintiff's employment with Defendant Atmel, Dr. Bonney wrote a letter to Defendant Atmel saying that Plaintiff could

no longer work at Defendant Atmel because of "depression" and "anxiety," which Dr. Bonney stated was "work-related."

6. That Plaintiff has stated in his deposition that he has severe sleep apnea that causes mental and emotional symptoms, including "chronic daytime sleepiness, an uncontrollable urge to sleep, lack of concentration and memory loss, poor judgment, personality changes, irritability, slight depression, and a lack of motivation." *See* Plaintiff's deposition at page 123 (docket no. 83);

7. That Plaintiff seeks damages for back pay, front pay, other economic damages related to Defendant Atmel's actions, non-economic damages for emotional pain, suffering, inconvenience and mental anguish, punitive damages, costs, attorney fees and pre and post-judgment interest. *See* Complaint (docket no. 1), **WHEREFORE** paragraph on page 12 and paragraphs 15, 73-78 in the Amended Complaint (docket nos. 37 and 41 ) and the Scheduling Order (docket no. 26) paragraph 5 **COMPUTATION OF DAMAGES** on page 7;

8. That on March 3, 2008, Plaintiff submitted to an IME performed by Dr. Judith Weingarten, a psychiatrist who examined Plaintiff regarding his mental state. That Dr. Weingarten needs to administer a psychological test called the MMPI to assist her in rendering her opinions at trial, but Dr. Weingarten is not qualified

to administer the MMPI. That Dr. Weingarten has requested that Cynthia Johnsrud, R.N., Psy.D., a licensed clinical psychologist, administer the MMPI. *See* exhibit C, vitae for Dr. Johnsrud attached to the subject motion (docket no. 71);

9. That it will take approximately four (4) hours for Dr. Johnsrud to administer the MMPI in her office in Denver. That the proffered purpose for the MMPI is to determine whether Plaintiff has any pre-existing psychological conditions unrelated to his allegations in his Amended Complaint against the Defendant Atmel;

10. That in <u>Schlagenhauf v. Holder</u>, 379 U.S. 104, 118 (1964), the Supreme Court stated that Rule 35 "require[s] an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." The burden of demonstrating good cause rests with the moving party. <u>See</u> <u>Doe v. District of Columbia</u>, 229 F.R.D. 24, 26 (D.D.C. 2005). The requirement of good cause is not a formality; the court must genuinely balance the need for the information with the right to privacy and safety of the party. <u>Schlagenahuf</u>, 379 U.S. at 118. Rule 35 states that the examination may be conducted by a suitably licensed or certified examiner. Fed. R. Civ. P. 35(a)(1). Psychiatric examinations are allowable if a person's mental

condition is at issue, and the examination may be conducted by a psychiatrist or psychologist. When permanent injuries are claimed or under other appropriate circumstances, the court may allow a second examination just before trial. See <u>Galieti v. State Farm Mut. Auto. Ins. Co.</u>, 154 F.R.D. 262 (D. Colo. 1994). A stronger showing of necessity is usually required for a second examination. <u>Furlong v. Circle Line Statue of Liberty Ferry, Inc.</u>, 902 F. Supp. 65, 70 (S.D.N.Y. 1995). Lastly, the court has discretion to determine who may be present at the examination. <u>Galieti</u>, 154 F.R.D. at 263-65.

11. That in this case, Plaintiff has brought a claim for intentional infliction of emotional distress. Further, Plaintiff has alleged that he has suffered severe emotional distress, depression, and anxiety which are work-related and caused by Defendant Atmel. Plaintiff has placed his mental condition and his vocational capabilities "in controversy." *See* Amended Complaint (docket nos. 37 and 41) and plaintiff's deposition pages 45 and 48 (Docket No. 83);

12. That Defendants have demonstrated, in the subject motion (docket no. 71), a strong showing of necessity for two additional IMEs as well as "good cause" for the two additional IMEs. Defendants further have demonstrated that Plaintiff has placed "in controversy" whether Plaintiff has suffered severe emotional distress,

depression, and anxiety which are work-related and caused by Defendant Atmel as well as Plaintiff's vocational capabilities;

13. That Judy Lockwood, who is certified vocational rehabilitation specialist, is qualified to conduct a vocational rehabilitation IME examination/interview. *See* exhibit D, vitae for Judy Lockwood attached to the subject motion (docket no. 71); and,

14. That Cynthia Johnsrud, R.N., Psy D., who is a licensed clinical psychologist, is qualified to administer the MMPI (psychological test); *See* exhibit C vitae for Cynthia Johnsrud, R.N., Psy D. attached to subject motion (docket no. 71);

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendants' Motion for Two Rule 35 Examinations and Rule 7.1 Certificate of Compliance ( docket no. 71) is **GRANTED**;

2. That Plaintiff shall appear at Judy Lockwood's office located at 8000 E. Prentice Avenue, Greenwood Village, Colorado on Thursday, March 13, 2008, at 1:00 p.m. for a vocational rehabilitation examination/interview;

3. That the parties shall meet and confer within five (5) from the date of this Order and clear a date, time, and location for Plaintiff to take the MMPI with Cynthia Johnsrud R.N., Psy D.; and,

4.  That each party shall pay their own attorney fees and costs for this motion.

Done this 7th day of March 2008.

                                                      BY THE COURT

                                                    <u>s/ Michael J. Watanabe</u>
                                                    MICHAEL J. WATANABE
                                                    U.S. MAGISTRATE JUDGE